

Order Entered.

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENNETH DWAYNE LOCKHART | ) | Case No.: 1:17-bk-00532 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| KENNETH DWAYNE LOCKHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP No.: 1:20-ap-38 |
| | ) | |
| ETHEL MARCIE JACKSON, | ) | |
| WASHINGTON COUNTY, | ) | |
| WASHINGTON COUNTY CSEA, | ) | |
| WEST VIRGINIA BUREAU FOR | ) | |
| CHILD SUPPORT | ) | |
| ENFORCEMENT, and | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

West Virginia Bureau for Child Support Enforcement ("WVBCSE") seeks dismissal of the complaint filed by Kenneth Dwayne Lockhart (the "Debtor") alleging a violation of the automatic stay and a violation of the court's confirmation order entered November 9, 2017. WVBCSE argues that it did not violate the automatic stay by informing Washington County Child Support Enforcement Agency ("CSEA") of the status of Debtor's child support arrearage after the mother of Debtor's child relocated with the child from West Virginia to Washington County, Ohio. Debtor claims this act alone constituted a violation of the automatic stay for which he is entitled to

1

damages. The second count of Debtor's complaint asks the court to find defendants in contempt for willfully violating the confirmation order.

For the reasons stated herein, the court will grant WVBCSE's motion to dismiss as to both counts.

## I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek to dismiss a complaint against it when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). When evaluating a motion to dismiss, the court must (1) construe the complaint in a light favorable to the non-movant, (2) accept the factual allegations in the complaint as true, and (3) draw all reasonable inferences in favor of the plaintiff. 2 *Moore's Federal Practice – Civil* § 12.34 (2018). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## II.    BACKGROUND FACTS

The Debtor filed Chapter 13 bankruptcy on May 19, 2017, listing with his petition his past-due child support being collected by WVBCSE, among other debts. WVBCSE filed a proof of claim for $19,761.14, which the Debtor proposed to pay in full over the course of his 60-month plan. On November 9, 2017, the court confirmed the Debtor's proposed plan. At some point after, the mother of Debtor's child relocated with the child to Washington County, Ohio. The Debtor still resides in West Virginia. Following confirmation of the plan, WVBCSE notified CSEA, the county agency then responsible for administering the child support obligation that Debtor owed.[1] Debtor alleges that CSEA, with knowledge of the Debtor's bankruptcy case, subsequently acted in coordination with the U.S. Department of the Treasury ("Treasury") to intercept a $2,400 economic stimulus payment ("Stimulus") to which the Debtor was entitled as a result of the "Coronavirus Aid, Relief, and Economic Security Act" ("CARES Act"). Because the Debtor and his spouse were joint filers, the spouse has a claim to half of this amount. This dispute concerns only the $1,200 to which the Debtor was entitled.

---

[1] To be clear, Debtor's complaint states that the plan of reorganization was confirmed on November 9, 2017, but fails to provide exact (or even proximate) timing of when WVBCS's alleged notification occurred, stating only that it was "[s]ometime after the Confirmation Order was entered."

2

On May 22, 2020, the Treasury intercepted the Stimulus payment.[2] On September 18, 2020, Debtor filed this complaint to seek monetary loss among other damages based upon an alleged violation of the automatic stay. The Debtor seeks relief against CSEA, the IRS, and WVBCSE. In addition to WVBCSE's motion to dismiss, CSEA seeks summary judgment and the IRS seeks dismissal, both of which the court will resolve separate from WVBCSE's motion to dismiss.

### III.    DISCUSSION

In support of its motion to dismiss, WVBCSE contends that notifying CSEA of Debtor's arrearage did not constitute a willful violation of the automatic stay. Additionally, the agency argues that the $1,200 payment is not property of the bankruptcy estate such that its collection does not constitute a violation of the automatic stay under § 362(b)(2)(B) of the Bankruptcy Code. Finally, WVBCSE contends that the activity at issue is exempted from the automatic stay by § 362(b)(4) as a governmental unit exercising its police and regulatory power. Specifically, WVBCSE contends that any actions taken were in accordance with applicable West Virginia domestic relations provisions, more specifically W. Va. Code § 48-11-101(a). In his amended complaint, Debtor seeks actual damages for monetary, incidental, and consequential damages and compensatory damages for emotional and mental distress, aggravation, anxiety, annoyance, and inconvenience as a result of not receiving the CARES Act stimulus payment to which he was otherwise entitled. Debtor alleges that in notifying CSEA of the child support arrearages and through subsequent collection actions taken by CSEA, WVBCSE was responsible for the alleged violation of the automatic stay.

The automatic stay acts as a breathing spell and protects a debtor from any action that would interfere with the debtor's ability to effectively reorganize. *Houck v. Substitute Trustee Servs.,* 791 F.3d 473, 480-81 (4th Cir. 2015). A debtor has a cause of action "[w]hen a creditor willfully violates the automatic stay." *Bailey v. Davant*, 428 B.R. 694 (Bankr. N.D.W Va. 2010); 11 U.S.C. § 362(k). Upon filing, the stay is intended to protect a debtor from actions to collect, assess, or recover a claim pertaining to causes or judgements which arose prior to commencement

---

[2] Debtor's amended complaint stated that the funds had been paid to CSEA, but CSEA's answer states that the funds are on hold "in an Ohio-designated account that cannot be accessed by Defendant, and is shown as 'funds on hold' on SETS, the State of Ohio child support data base." CSEA states that this system allows the Debtor's spouse to file an injured spouse claim with the federal government in order to have her portion of the Stimulus returned to her. There is no dispute that Debtor was otherwise legally entitled to the Stimulus payment.

of a bankruptcy petition. 11 U.S.C. § 362(a). However, a voluntary petition does not operate as a stay as to an action by a governmental unit to enforce the unit's police or regulatory power. 11 U.S.C. § 362(b)(4).

To determine whether the unit is acting pursuant to a police and regulatory power and thus falls within the exception, the Court applies the test established in *Universal Life Church, Inc. v. United States (In re Universal Life Church)*, 128 F.3d 1294, 1297 (9th Cir. 1997).[3] Under the *Universal Life Church* test, the § 362(b)(4) exception applies if the purpose of the action is to promote public safety and welfare or effectuate public policy. *Id.* Specifically, the "public policy" test "distinguishes between government actions that effectuate public policy and those that adjudicate private rights." *Id.* (citing *NLRB v. Twin Cities Electric*, 907 F.2d 108 (9th Cir. 1990)). It is well established in West Virginia that there is a public policy interest in ensuring compliance with child support orders. Specifically,

> [i]t is one of the purposes of the Legislature in enacting this chapter to improve and facilitate support enforcement efforts in this state, with the primary goal being to establish and enforce reasonable child support orders and thereby improve opportunities for children. It is the intent of the Legislature that to the extent practicable, the laws of this state should encourage and require a child's parents to meet the obligation of providing that child with adequate food, shelter, clothing, education, and health and child care.

W. Va. Code § 48-11-101(a); *Carter v. Carter*, 198 W. Va. 171, 176 (1996) ("A fundamental concept in the public policy of this State is that the best interest and welfare of the children are paramount when deciding matters of visitation, child support and child custody.").

Here, the court finds that WVBCSE's notification is excepted from the automatic stay under § 362(b)(4). The Debtor concedes that WVBCSE is a governmental agency responsible for sending payments and other relevant reporting information to agencies like CSEA. The Court agrees with WVBCSE's argument that the mere act of reporting the status of Debtor's child support obligations to an interested party does not constitute "an act" prohibited by § 362 of the Bankruptcy Code. Even accepting the Debtor's allegations as true and construing arguments in the light most favorable to the Debtor, the alleged action by WVBCSE is appropriately characterized

---

[3] The application is an objective one, looking to the "*purpose of the law the state seeks to enforce* rather than the state's intent in enforcing the law in a particular case." *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 865 (4th Cir. 2001) (citing *United States v. Commonwealth Cos. (In re. Commonwealth Cos.)*, 913 F2d 518, 523 n.6 (8th Cir. 1990) (emphasis added).

as an action which promotes public policy regarding child support payments by ensuring that the support payments reach the intended destination.

Any pecuniary interest which the state had—and the court believes it had none—was not implicated in the mere notification of payment status to CSEA. Debtor's complaint does not allege that WVBCSE participated in the subsequent collection attempt or even contacted Debtor directly. Accordingly, implication of the automatic stay to prevent WVBCSE from notifying an interested agency of the status of the payments would run counter to the public policy interest of this governmental unit's mission. Notably, WVBCSE was the only entity involved in this dispute listed on the Debtor's schedule and but for the notification at issue, CSEA would not have been aware that child support was owed to a resident of Ohio. WVBCSE and CSEA are both governmental agencies which have an interest in effectuating the support of minor children within their respective states, and communication between the two agencies is necessary to carry out their mission.

WVBCSE has an interest in the welfare of children, regardless of their temporary residency, and the Court agrees with WVBCSE that this is a legitimate public policy interest. While this does not mean that notification with some further concerted effort to collect will not amount to a violation of the stay, notification by itself does not. Absent further factual allegations that WVBCSE affirmatively participated in the subsequent collection efforts, which the complaint facially lacks, it cannot be said that WVBCSE's actions amounted to a willful violation of the automatic stay.

In Count II, Debtor seeks a declaration of contempt for an alleged violation of the confirmed plan. Contempt is a violation of the Confirmation Order which may be remedied by the Court pursuant to § 105 of the Bankruptcy Code. *In re Jones*, No. 09-14499-BFK 2011 Bankr. LEXIS 4083 at *8 (Bankr. E.D. Va. Oct. 21, 2011) (citing *In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989)). In order for the court to hold a defendant in contempt, the movant must show:

> (1) [T]he existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*United States v. Under Seal (In re Grand Jury Subpoena)*, 597 F.3d 189, 202 (4th Cir. 2010) (quoting *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 301 (4th Cir. 2000)); *see In re Jones*, 2011 Bankr.

LEXIS 4083 at *8-9 (Capital One not in contempt for reporting debts when plan was ambiguous as to the issue).

As a creditor within the plan, WVBCSE was inarguably aware of the plan. Additionally, the later interception of Debtor's Stimulus by the IRS may very well have harmed the Debtor. However, the Debtor fails to allege that any harm was directly caused by WVBCSE. Specifically, there were no actions by WVBCSE which could plausibly be said to have violated the terms of the confirmed Chapter 13 plan. As was the case for Count I, Debtor alleges only that WVBCSE notified another interested party of the owed debts. Because this action alone cannot be said to constitute an attempt to collect and the plan did not otherwise prevent this action, there are no grounds which warrant holding WVBCSE in contempt.

## IV.  CONCLUSION

Based upon the analysis herein and consistent with Fed. R. Civ. P. 12(b)(6) and relevant statutory authority of 11 U.S.C. § 362, the Court will enter an order granting West Virginia Bureau for Child Support's motion for dismissal of both counts.